FILED

2013 Jun-28  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DALE'S RESTAURANTS, INC. and DALE'S SAUCES, INC., | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: CV-13-JED-1000-S |
| DALES RESTAURANT - FLORENCE, LLC, a limited liability company, DALES PROPERTIES - FLORENCE, LLC a limited Liability company | ) ) ) ) ) | |
| Defendant(s). | ) ) | |

## ANSWER

**COME NOW**, the Defendants, Dales Restaurant - Florence, LLC and Dales Properties - Florence, LLC (hereinafter "Defendants"), and files their Answer to the Complaint filed against them in the above-styled action as follows:

## PARTIES

1.     Defendants are without sufficient knowledge of the averments contained in Paragraph 1 and therefore deny same and demands strict proof thereof.

2.     Defendants are without sufficient knowledge of the averments contained in Paragraph 2 and therefore deny same and demands strict proof thereof.

3.     Defendants admit the allegations of paragraph 3.

4.     Defendants admit the allegations of paragraph 4.

5.     Defendants admit the allegations of paragraph 5.

6.      Defendants admit the allegations of paragraph 6.

7.      The allegations contained in paragraph 7 of the Complaint are denied and strict proof thereof demanded; it is specifically denied that Charles G. Tompkins, Jr. ("Tompkins") is a member of Dales Restaurants - Florence, LLC ("DRF") or ("Defendant").

## JURISDICTION AND VENUE

8.      The allegations contained in paragraph 8 of the Complaint are denied and strict proof thereof demanded.

9.      Defendants admit the allegations contained in paragraph 9.

10.     Defendants admit the allegations contained in paragraph 10.

11.     The allegations contained in paragraph 11 of the Complaint are denied and strict proof thereof demanded; it is specifically denied that a substantial part of the events or omissions, if any, giving rise to the claims occurred in the Northern District of Alabama.

## NATURE OF THE ACTION

12.     The allegations contained in paragraph 12 of the Complaint are denied and strict proof thereof demand.

13.     The allegations contained in paragraph 13 of the Complaint are denied and strict proof thereof demand.

## FACTUAL BACKGROUND

### A.      The Plaintiff's Intellectual Properties

14.     The allegations contained in paragraph 14 of the Complaint are denied and

strict proof thereof demand.

15.     The allegations contained in paragraph 15 of the Complaint are denied and strict proof thereof demand.

16.     The allegations contained in paragraph 16 of the Complaint are denied and strict proof thereof demand; it is specifically denied that Plaintiffs operate, or are involved in the operation, of any restaurants.

17.     The allegations contained in paragraph 17 of the Complaint are denied and strict proof thereof demand.

18.     The allegations contained in paragraph 18 of the Complaint are denied and strict proof thereof demand; it is specifically denied that Plaintiffs operate, or are involved in the operation, of any restaurants.

19.     The allegations contained in paragraph 19 of the Complaint are denied and strict proof thereof demand.

20.     Defendants are without sufficient knowledge of the averments contained in Paragraph 20 and therefore deny same and demands strict proof thereof.

21.     Defendants are without sufficient knowledge of the averments contained in Paragraph 21 and therefore deny same and demands strict proof thereof.

**B.      The License Agreement between Dale's Restaurant Inc. and Tompkins and Campbell, LLC**

22.     Defendants are without sufficient knowledge of the averments contained in Paragraph 22 and therefore deny same and demands strict proof thereof.

3

23.     Defendants are without sufficient knowledge of the averments contained in Paragraph 23 and therefore deny same and demands strict proof thereof.

24.     Defendants are without sufficient knowledge of the averments contained in Paragraph 24 and therefore deny same and demands strict proof thereof.

25.     Defendants are without sufficient knowledge of the averments contained in Paragraph 25 and therefore deny same and demands strict proof thereof.

26.     Defendants are without sufficient knowledge of the averments contained in Paragraph 26 and therefore deny same and demands strict proof thereof.

27.     Defendants are without sufficient knowledge of the averments contained in Paragraph 27 and therefore deny same and demands strict proof thereof.

28.     Defendants are without sufficient knowledge of the averments contained in Paragraph 28 and therefore deny same and demands strict proof thereof.

29.     Defendants are without sufficient knowledge of the averments contained in Paragraph 29 and therefore deny same and demands strict proof thereof.

30.     Defendants are without sufficient knowledge of the averments contained in Paragraph 30 and therefore deny same and demands strict proof thereof.

31.     Defendants are without sufficient knowledge of the averments contained in Paragraph 31 and therefore deny same and demands strict proof thereof.

32.     Defendants are without sufficient knowledge of the averments contained in Paragraph 32 and therefore deny same and demands strict proof thereof.

33.     Defendants are without sufficient knowledge of the averments contained in Paragraph 33 and therefore deny same and demands strict proof thereof.

34.     Defendants are without sufficient knowledge of the averments contained in Paragraph 34 and therefore deny same and demands strict proof thereof.

35.     Defendants are without sufficient knowledge of the averments contained in Paragraph 35 and therefore deny same and demands strict proof thereof.

    **C.**     **The Agreement Between Tompkins and the Defendants**

36.     The allegations contained in paragraph 36 of the Complaint are denied and strict proof thereof demand; it is specifically denied that the Lease Sale contract is a true and correct copy because no exhibits are attached.

37.     Defendants admit the allegations contained in paragraph 37.

38.     The allegations contained in paragraph 38 of the Complaint are denied and strict proof thereof demand.

39.     Defendants admit the allegations contained in paragraph 39.

40.     The allegations contained in paragraph 40 of the Complaint are denied and strict proof thereof demand.

    **D.**     **The Agreement between Dale's Restaurants, Inc. and Tompkins & Campbell, LLC and DRF and DPF**

41.     The allegations contained in paragraph 41 of the Complaint are denied and strict proof thereof demand.

42.     The allegations contained in paragraph 42 of the Complaint are denied and

5

strict proof thereof demand.

43.     The allegations contained in paragraph 43 of the Complaint are denied and strict proof thereof demand.

44.     The allegations contained in paragraph 44 of the Complaint are denied and strict proof thereof demand.

45.     The allegations contained in paragraph 45 of the Complaint are denied and strict proof thereof demand.

46.     Defendants admit the allegations contained in paragraph 46.

47.     Defendants admit the allegations contained in paragraph 47.

48.     The allegations contained in paragraph 48 of the Complaint are denied and strict proof thereof demand.

49.     Defendants admit the allegations contained in paragraph 49.

50.     The allegations contained in paragraph 50 of the Complaint are denied and strict proof thereof demand.

51.     The allegations contained in paragraph 51 of the Complaint are denied and strict proof thereof demand.

52.     Defendants admit the allegations contained in paragraph 52.

53.     Defendants admit the allegations contained in paragraph 53.

54.     Defendants admit the allegations contained in paragraph 54.

55.     Defendants admit the allegations contained in paragraph 55.

56.     The allegations contained in paragraph 56 of the Complaint are denied and strict proof thereof demand.

57.     The allegations contained in paragraph 57 of the Complaint are denied and strict proof thereof demand.

**D.     <u>Defendants Wrongful Actions</u>**

58.     Defendants admit the allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 of the Complaint are denied and strict proof thereof demand.

60.     The allegations contained in paragraph 60 of the Complaint are denied and strict proof thereof demand.

61.     Defendants admit the allegations contained in paragraph 61.

62.     Defendants admit the allegations contained in paragraph 62.

63.     Defendants admit the allegations contained in paragraph 63.

64.     Defendants cannot admit or deny Plaintiffs' purpose for providing an Amendment to the Licensing Agreement, but admits that they received the amendment.

65.     Defendants admit the averments contained in paragraph 65.

66.     Defendants cannot admit or deny the averments contained in paragraph 66 but admits that they received the email identified in the paragraph.

67.     Defendants admit the allegations contained in paragraph 67.

68.     Defendants cannot admit or deny what Plaintiffs' believed but admit receiving

the letter from Plaintiffs' counsel.

69.     The allegations contained in paragraph 69 of the Complaint are denied and strict proof thereof demand.

70.     Defendants admit the allegations contained in paragraph 70.

71.     Defendants admit the allegations contained in paragraph 71.

72.     Defendants admit the allegations contained in paragraph 72.

73.     Defendants admit the allegations contained in paragraph 73.

74.     Defendants admit the allegations contained in paragraph 74.

75.     Defendants admit the allegations contained in paragraph 75.

76.     Defendants admit the allegations contained in paragraph 76.

77.     Defendants admit the allegations contained in paragraph 77.

78.     The allegations contained in paragraph 78 of the Complaint are denied and strict proof thereof demand; however, Defendants admits receiving the letter from Plaintiffs' counsel.

79.     The allegations contained in paragraph 79 of the Complaint are denied and strict proof thereof demand.

80.     Defendants admit the allegations contained in paragraph 80.

81.     The allegations contained in paragraph 81 of the Complaint are denied and strict proof thereof demand.

82.     The allegations contained in paragraph 82 of the Complaint are denied and

strict proof thereof demand.

83.     The allegations contained in paragraph 83 of the Complaint are denied and strict proof thereof demand.

84.     The allegations contained in paragraph 84 of the Complaint are denied and strict proof thereof demand.

85.     The allegations contained in paragraph 85 of the Complaint are denied and strict proof thereof demand.

86.     The allegations contained in paragraph 86 of the Complaint are denied and strict proof thereof demand.

<u>**COUNT ONE**</u>
**(BREACH OF CONTRACT)**

87.     Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

88.     The allegations contained in paragraph 88 of the Complaint are denied and strict proof thereof demand.

89.     The allegations contained in paragraph 89 of the Complaint are denied and strict proof thereof demand.

90.     The allegations contained in paragraph 90 of the Complaint are denied and strict proof thereof demand.

91.     The allegations contained in paragraph 91 of the Complaint are denied and strict proof thereof demand.

## COUNT TWO
## (FEDERAL TRADEMARK INFRINGEMENT IN
## VIOLATION OF 15 U.S.C. § 1114(1))

92.     Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

93.     Defendants are without sufficient knowledge of the averments contained in Paragraph 93 and therefore deny same and demands strict proof thereof.

94.     The allegations contained in paragraph 94 of the Complaint are denied and strict proof thereof demand.

95.     The allegations contained in paragraph 95 of the Complaint are denied and strict proof thereof demand.

96.     The allegations contained in paragraph 96 of the Complaint are denied and strict proof thereof demand.

97.     The allegations contained in paragraph 97 of the Complaint are denied and strict proof thereof demand.

98.     The allegations contained in paragraph 98 of the Complaint are denied and strict proof thereof demand.

99.     The allegations contained in paragraph 99 of the Complaint are denied and strict proof thereof demand.

100.    The allegations contained in paragraph 100 of the Complaint are denied and strict proof thereof demand.

## COUNT THREE
## (COMMON LAW TRADEMARK INFRINGEMENT)

101.    Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

102.    The allegations contained in paragraph 102 of the Complaint are denied and strict proof thereof demand.

103.    The allegations contained in paragraph 1034 of the Complaint are denied and strict proof thereof demand.

104.    The allegations contained in paragraph 104 of the Complaint are denied and strict proof thereof demand.

105.    The allegations contained in paragraph 105 of the Complaint are denied and strict proof thereof demand.

106.    The allegations contained in paragraph 106 of the Complaint are denied and strict proof thereof demand.

107.    The allegations contained in paragraph 107 of the Complaint are denied and strict proof thereof demand.

108.    The allegations contained in paragraph 108 of the Complaint are denied and strict proof thereof demand.

109.    The allegations contained in paragraph 109 of the Complaint are denied and strict proof thereof demand.

## COUNT FOUR
## (TRADEMARK DILUTION PURSUANT TO
## ALA. CODE § 8-12-17)

110.    Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

111.    The allegations contained in paragraph 111 of the Complaint are denied and strict proof thereof demand.

112.    The allegations contained in paragraph 112 of the Complaint are denied and strict proof thereof demand.

113.    The allegations contained in paragraph 113 of the Complaint are denied and strict proof thereof demand.

114.    The allegations contained in paragraph 114 of the Complaint are denied and strict proof thereof demand.

115.    The allegations contained in paragraph 115 of the Complaint are denied and strict proof thereof demand.

116.    The allegations contained in paragraph 116 of the Complaint are denied and strict proof thereof demand.

117.    The allegations contained in paragraph 117 of the Complaint are denied and strict proof thereof demand.

## COUNT FIVE
## (UNFAIR COMPETITION IN VIOLATION
## OF 15 U.S.C. § 1125(a)(1))

118.    Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

119.    The allegations contained in paragraph 119 of the Complaint are denied and strict proof thereof demand.

120.    The allegations contained in paragraph 120 of the Complaint are denied and strict proof thereof demand.

121.    The allegations contained in paragraph 121 of the Complaint are denied and strict proof thereof demand.

122.    The allegations contained in paragraph 122 of the Complaint are denied and strict proof thereof demand.

123.    The allegations contained in paragraph 123 of the Complaint are denied and strict proof thereof demand.

124.    The allegations contained in paragraph 124 of the Complaint are denied and strict proof thereof demand.

## COUNT SIX
## (COMMON LAW UNFAIR COMPETITION)

125.    Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

126.    The allegations contained in paragraph 126 of the Complaint are denied and strict proof thereof demand.

127.    The allegations contained in paragraph 127 of the Complaint are denied and

strict proof thereof demand.

128.    The allegations contained in paragraph 128 of the Complaint are denied and strict proof thereof demand.

129.    The allegations contained in paragraph 129 of the Complaint are denied and strict proof thereof demand.

130.    The allegations contained in paragraph 130 of the Complaint are denied and strict proof thereof demand.

131.    The allegations contained in paragraph 131 of the Complaint are denied and strict proof thereof demand.

## <u>COUNT SEVEN</u>
## (CYBERSQUATTING IN VIOLATION OF U.S.C. § 1125(D))

132.    Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

133.    The allegations contained in paragraph 133 of the Complaint are denied and strict proof thereof demand; however, Defendants admit Al Thomas controls the domain names dalessteakhouse.net and dalesflorence.com.

134.    The allegations contained in paragraph 134 of the Complaint are denied and strict proof thereof demand.

135.    The allegations contained in paragraph 135 of the Complaint are denied and strict proof thereof demand.

136.    The allegations contained in paragraph 136 of the Complaint are denied and

14

strict proof thereof demand.

137.   The allegations contained in paragraph 137 of the Complaint are denied and strict proof thereof demand.

138.   The allegations contained in paragraph 138 of the Complaint are denied and strict proof thereof demand.

139.   The allegations contained in paragraph 139 of the Complaint are denied and strict proof thereof demand.

140.   The allegations contained in paragraph 140 of the Complaint are denied and strict proof thereof demand.

## COUNT EIGHT
## (DECLARATORY JUDGMENT REGARDING STATUS OF AGREEMENTS)

141.   Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

142.   The allegations contained in paragraph 142 of the Complaint are denied and strict proof thereof demand.

143.   The allegations contained in paragraph 143 of the Complaint are denied and strict proof thereof demand.

144.   The allegations contained in paragraph 144 of the Complaint are denied and strict proof thereof demand.

## COUNT NINE
## (DECLARATORY JUDGMENT REGARDING DALE'S RESTAURANT'S INTELLECTUAL PROPERTY)

145.    Defendants adopt, allege and incorporate all answers and defenses previously set forth herein.

146.    Defendants admit that they are entitled to use the name DALES STEAKHOUSE but denies it is using any domain names containing variations of Plaintiffs' intellectual property.

147.    The allegations contained in paragraph 147 of the Complaint are denied and strict proof thereof demand.

148.    The allegations contained in paragraph 148 of the Complaint are denied and strict proof thereof demand.

149.    The allegations contained in paragraph 149 of the Complaint are denied and strict proof thereof demand.

150.    The allegations contained in paragraph 150 of the Complaint are denied and strict proof thereof demand.

151.    The allegations contained in paragraph 151 of the Complaint are denied and strict proof thereof demand.

## COUNT TEN
## (DECLARATORY JUDGEMENT AS TO DALE'S STEAK SEASONING)

152.    Defendants adopt, allege and incorporate all answers and defenses previously

set forth herein.

153.    The allegations contained in paragraph 153 of the Complaint are denied and strict proof thereof demand.

154.    Defendants admit the allegations contained in paragraph 154 of the Complaint.

155.    The allegations contained in paragraph 155 of the Complaint are denied and strict proof thereof demand.

156.    The allegations contained in paragraph 156 of the Complaint are denied and strict proof thereof demand.

## PRAYER FOR RELIEF

(a) Defendants deny that the Plaintiff is entitled to the relief sought and therefore demand strict proof thereof.

(b) Defendants deny that the Plaintiff is entitled to the relief sought and therefore demand strict proof thereof.

(c) Defendants deny that the Plaintiff is entitled to the relief sought and therefore demand strict proof thereof.

(c) Defendants deny that the Plaintiff is entitled to the relief sought and therefore demand strict proof thereof.

(d) Defendants deny that the Plaintiff is entitled to the relief sought and therefore demand strict proof thereof.

(e) Defendants deny that the Plaintiff is entitled to the relief sought and therefore

demand strict proof thereof.

(f) Defendants deny that the Plaintiff is entitled to the relief sought and therefore demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants deny each and every material allegation in Plaintiffs' Complaint o the extent not admitted above and demands strict proof thereof.

### SECOND DEFENSE

Plaintiffs have failed to establish the jurisdiction of this Court and this matter is due to be dismissed.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the principal of equitable estoppel and by acquiescence.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the principal of waiver.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate damages.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any infringement, if any, was innocent.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Plaintiff has not suffered any damages as a result of any of the Defendants' acts alleged in the Complaint.

### TWELFTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff cannot show that it will suffer irreparable harm from the Defendants' actions.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of other parties' use of the marks at issue in this case.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred because the damages sought are unconstitutionally

excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### FIFTEENTH DEFENSE

Defendants plead the general issue.

### SIXTEENTH DEFENSE

Plaintiffs' unfair competition claim is preempted by federal law to the extent that it is coextensive with Counts II, III, IV or V.

### SEVENTEENTH DEFENSE

Defendants aver that the assertions of the Complaint regarding satisfaction of the jurisdictional minimum for the amount in controversy, as well as the alleged factual basis, are insufficient and, therefore, Plaintiffs have not satisfied the requirements of diversity jurisdiction under 28 U.S.C. § 1332.

### EIGHTEENTH DEFENSE

Defendants state that it is not indebted or liable to Plaintiffs in any manner or amount whatsoever.

### NINETEENTH DEFENSE

To the extent that Plaintiffs claim a breach of contract, that claim is barred inasmuch as compliance by Defendants were conditioned upon performance of conditions precedent by Plaintiffs, which Plaintiffs failed to perform.

### TWENTIETH DEFENSE

Defendants have violated no legal or contractual duty owed Plaintiffs and by reason thereof, Plaintiffs are not entitled to recovery against Defendants.

### TWENTY-FIRST DEFENSE

To the extent that Plaintiffs claim a breach of contract, that claim is barred by a failure of consideration.

### TWENTY-SECOND DEFENSE

Plaintiffs' alleged damages are speculative and otherwise not recoverable.

### TWENTY-THIRD DEFENSE

Defendants deny that the identified information at issue is protected as a trade secret under Alabama law and also denies that such information is proprietary or confidential.

### TWENTY-FOURTH DEFENSE

To the extent Plaintiffs seek to impose any restriction on Defendants through injunctive relief, Defendants aver that such a restriction is void.

### TWENTY-FIFTH DEFENSE

Defendants aver that it is entitled to use its own "know how."

### TWENTY-SIXTH DEFENSE

To the extent that Plaintiffs seek an award of punitive damages against Defendants, the Defendants aver as follows:

A.    Defendants have not engaged in any conduct with reference to applicable state or federal law sufficient to allow for imposition of punitive damages in any amount against

it.

B.      As a matter of state law, punitive damages may not exceed $500,000, as adjusted, or three times compensatory damages, whichever is greater. *Ala. Code* § 6 11-21 (Cum. Supp. 2000).

C.      Defendants plead all substantive and procedural limitations imposed on the award of punitive damages under the United States Constitution as enunciated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper v. Leatherman Tool Group, Inc.*, 523 U.S. 424 (2001); and *State Farm Auto Mut. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

D.      The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under Alabama law, without proof of every element beyond a reasonable doubt, would violate Defendants' due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

E. The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damages or for purposes not otherwise recognized by Alabama law would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provision of the Alabama Constitution.

F.      The claims of Plaintiffs for punitive damages cannot be sustained, because any

such award of punitive damages under Alabama law, exceeding the limits authorized by state and federal statutes, would constitute an excessive fine in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated by the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines.

G.    The Alabama punitive damage system, on its face and as applied, violates the due process clause of the Fourteenth Amendment because there are inadequate standards for determining the amount of the award.

H.    The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair because an award made in the absence of guidelines or standards may be grossly excessive, irrational, arbitrary, and disproportionate. A punitive damage award in the absence of such guidelines or standards may bear no rational or reasonable relationship to Defendants' alleged conduct in this matter or to any alleged harm to Plaintiffs. A punitive damage award in the absence of such guidelines or standards therefore violates the due process clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, *Ala. Const. Art*. I § 15.

### TWENTY-SIXTH DEFENSE

Defendants assert the benefits and protections of Sections 6-11-20 through 6-11-30, *Code of Alabama* 1975, as amended.

23

## TWENTY-SEVENTH DEFENSE

Plaintiffs' Complaint should be dismissed for failure to add an indispensable party.

## TWENTY-EIGHTH DEFENSE

Defendants reserve the right to amend the instant pleading should additional affirmative defenses and causes of action become available through discovery or other means.

Respectfully submitted,

 /s/ *Michael J. Douglas*
Jeff Friedman
Michael J. Douglas
**Attorneys for Defendants**

**OF COUNSEL:**
FRIEDMAN DAZZIO ZULANAS & BOWLING, P.C.
3800 Corporate Woods Drive
Post Office Box 43219
Birmingham, AL 35242
Phone: (205) 278-7000
Facsimile: (205) 278-7001

24

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

Joseph W. Letzer
India Vincent
Elizabeth Shirley
Ellen Mathews
BURR & FORMAN LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, AL 35203
**Attorneys for Plaintiffs**

    /s/ *Michael J. Douglas*        
OF COUNSEL