# Exhibit "1"

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| DALE'S RESTAURANTS, INC., a corporation, and DALE'S SAUCES, INC., a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DALES RESTAURANT - FLORENCE, LLC, a limited liability company, DALES PROPERTIES - FLORENCE, LLC, a limited liability company,<br><br>Defendants. | Case No. Cv-13-JEO-1000-S |

## CONSENT ORDER

This matter came before the Court on the Joint Motion for Entry of Consent Judgment (the "Motion"), (ECF No. __), filed by the Plaintiffs Dale's Restaurants, Inc. ("Dale's Restaurants") and Dale's Sauces, Inc. ("Dale's Sauces" and, together with Dale's Restaurants, "Plaintiffs") and the Defendants Dales Restaurant - Florence, LLC ("DRF") and Dales Properties - Florence, LLC ("DPF" and, together with DRF, "Defendants").

WHEREAS: Plaintiffs filed their Complaint on May 24, 2013, asserting claims against the Defendants for, *inter alia*, trademark infringement, unfair competition, cybersquatting, and breach of contract. (ECF No. 1.)

2128196 v5

WHEREAS: On June 28, 2013, Defendants filed an Answer denying the material allegations of the Complaint. (ECF No. 8.)

WHEREAS: On August 14, 2013, Plaintiffs filed a Verified Motion for Preliminary Injunction and Memorandum of Law in Support Thereof. (ECF No. 14.) Defendants responded on September 4, 2013, (*id.* at 16), and Plaintiffs replied on September 6, 2013. (*Id.* at 17.)

WHEREAS: The Court held a contested evidentiary day-long hearing on Plaintiffs' motion on September 10, 2013. The Court took evidence at that time by way of the oral testimony of Plaintiffs' representative, Michael Levine, and Defendants' representative, Al Thomas, and admitted numerous exhibits, and heard oral argument.

WHEREAS: The parties have entered into a written Settlement Agreement and Mutual Release ("Settlement Agreement").

Having reviewed the evidence and the parties' Settlement Agreement and related documents and having considered the parties' Joint Motion for Entry of Consent Order, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. The Joint Motion for Entry of a Consent Order is hereby **GRANTED**.

2. Plaintiffs' Federal Trademark Registrations for the Dale's Marks, including, the Dale's Restaurant, Inc. marks – DALE'S (stylized)(U.S. Reg. No. 4,048,629); the bull logo (U.S. Reg. No. 4,048,631); DALE'S (word mark)(U.S.

Reg. No. 4,048,634); DALE'S (and logo)(U.S. Reg. No. 4,049,301); and DALE'S RESTAURANT (and logo)(U.S. Reg. No. 4,052,379) and the Dale's Sauces mark – DALE'S (and logo)(U.S. Reg. No. 1,050,204); DALE'S (word mark)(U.S. Reg. No. 4,048,635); DALE'S STEAK SEASONING (U.S. Reg. No. 4,117,677); HOW DO YOU DO YOUR DALE'S (U.S. Reg. No. 4,690,572); DALE'S STEAK SEASONING (and design)(U.S. Reg. No. 4,117,676); and DALE'S STEAK SEASONING (and label design)(U.S. Reg. No. 4,045,561), are valid and enforceable; Plaintiffs have valid common law trademark rights in the Dale's Marks based on use of the marks by Plaintiffs and their licensees; and Plaintiffs have enforceable contractual rights to enforce their trademark rights in the Dale's Marks as against the Defendants.

3. Defendants shall select a new name for their restaurant operations and such new name may not contain the Dale's Marks, the term "Dale's", the terms "Dale's Steakhouse" or any other marks confusingly similar to these terms. Defendants shall fully transition to the new name and cease all use of the Dale's Marks and related items as specified in the Settlement Agreement on or before March 1, 2014. During such transition period, the Defendants shall pay to Plaintiffs a monthly royalty equal to 1% of gross revenue beginning on September 30, 2013 and continuing for the duration of the transition period.

4. On or before the end of the transition period, the Defendants shall sell to Plaintiffs certain personal property representing the historic Dale's Restaurant operated at the Mitchell Boulevard location, including, but not limited to the "Dale's" stained glass, for the price agreed upon by the parties.

5. The parties shall comply with the terms and conditions set forth in the Settlement Agreement and Mutual Release and the new License Agreement, executed by the parties in conjunction with the Settlement Agreement.

6. This Consent Order shall operate as a final adjudication of Plaintiffs' cause of action against Defendants and any counterclaims Defendants may have asserted in connection with Plaintiffs' claims. This action is hereby dismissed with prejudice; provided, however, that this Court shall retain continuing jurisdiction over the parties and the subject matter of this litigation for the purpose of enforcing this Consent Order.

7. All costs and fees shall be taxed as paid.

Done and entered this the ___ day of _____, 2013.

 

 

The Honorable Judge John E. Ott

United States Magistrate Judge