FILED
2014 Jan-06  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| DALE'S RESTAURANTS, INC., et al., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **DALES RESTAURANT - FLORENCE,** ) <br> **LLC, et al.,** ) <br> ) <br> **Defendants.** ) | Case No. Cv-13-JEO-1000-S |

## MOTION FOR ORDER TO SHOW CAUSE

COME NOW Plaintiffs to the above-styled cause of action and move for an order to show cause why Defendants should not be held in contempt of this Court's November 26, 2013 order. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs filed this lawsuit on or about May 24, 2013. Defendants answered the Complaint on June 28, 2013, generally denying Plaintiffs' allegations. On September 10, 2013, the Court held a hearing on Plaintiffs' motion for a preliminary injunction.

2. After the preliminary injunction hearing, the parties mediated this case and came to an agreeable resolution. On or about November 21, 2013, Plaintiffs and Defendants executed a Settlement Agreement and Mutual Release and a License Agreement.

20293238 v1

3. These documents included various provisions including, *inter alia*, the Defendants' payment to Plaintiffs of a monthly royalty fee equal to one percent of Defendants' restaurants' gross revenue. The payments were to begin on the effective date of the License Agreement and continue until March 2014.

4. On November 26, 2013, this Court entered a Consent Order. (*See* ECF No. 20.) Among other things, the Consent Order ordered the Defendants to pay the required royalty fee to Plaintiffs. (*Id.* at ¶ 3.) The order also stated that the Defendants were to comply with all terms of the Settlement Agreement and Mutual Release and the new License Agreement. (*Id.* at ¶ 5.)

5. Finally, the order provided that this Court retained jurisdiction to enforce the terms of the Consent Order. (*Id.* at ¶ 6.)

6. On December 15, 2013, Defendants were due to make royalty payments for the months of October and November 2013. On January 15th, a royalty payment for the month of December will be due and owing. As of Monday, January 6, 2013, Plaintiffs have not received any royalty payments from Defendants.

7. On or about December 18, 2013, counsel for Plaintiffs sought information from Defendants' counsel as to the status of the royalty payments that were due and owing to Plaintiffs. (*See* Email Chain between I. Vincent and M. Douglas, attached hereto as Exhibit "A.")

8. On Friday, December 20, 2013, Defendants' counsel assured Plaintiffs' counsel that the payment situation "will be remedied next week." (*See id.*)

9. As of Tuesday, December 31, 2013, Plaintiffs still had not received their royalty payments from Defendants. On that day, Plaintiffs' counsel again contacted Defendants' counsel about the status of payment and warned Plaintiffs' counsel that Defendants intended to notify the Court regarding Defendants' failure to comply with the Court's order. (*See id.*)

10. Defendants' counsel responded that "payment would be sent in full on Thursday." (*See id.*)

11. On Thursday, January 2, 2013, Defendants' counsel "confirmed that payment has been sent for October-December monthly royalty payments." (*See* 1/2/14 Email from M. Douglas to I. Vincent, attached hereto as Exhibit "B."). As of the time of mail delivery on January 6, 2014, however, Plaintiffs have not yet received any royalty payments from Defendants.

12. This Court has the authority to enforce its orders through its power of civil contempt. *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an

opportunity to be heard." *Int'l Union, United Mine Works of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 2557 (1994).

13. If a party believes that another party is failing to comply with an order of the court, that party may move the court to issue "an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned." *Reynolds*, 207 F.3d 1288, 1298. "If satisfied that the [moving party's] motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose." *Id.*

14. Plaintiffs hereby respectfully request the Court to enter a show cause order and schedule a hearing whereupon Plaintiffs can demonstrate that Defendants are in contempt of Court and the Court can determine the appropriate sanction.

15. Civil contempt for violation of a court order is proper where the evidence establishes that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007).

16. "The Supreme Court has made clear that the absence of willfulness is not a defense to a charge of civil contempt." *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69

S.Ct. 497, 499 (1949). "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Leshin*, 618 F.3d at 1232.

17.  As Plaintiffs will demonstrate at the show cause hearing, a finding of civil contempt is proper here. The Court's Consent Order, entered on November 26, 2013, is a "valid and lawful." The terms of the order (and the terms of the Settlement Agreement and License Agreement) are clear and unambiguous – Defendants owed royalty payments to Plaintiffs on December 15, 2013. Defendants have not made those payments despite Plaintiffs' inquiries regarding the status of payment. Finally, Defendants have not contended an inability to comply with the Court's order.

WHEREFORE, premises considered, Plaintiffs respectfully request the Court to enter an Order requiring the Defendants to show cause as to why they should not be held in contempt of this Court's November 26, 2013 Consent Order and setting a hearing regarding same.

Respectfully Submitted,

*s/ Joseph W. Letzer*
Joseph W. Letzer
India E. Vincent
Elizabeth B. Shirley
Ellen T. Mathews

Attorneys for Plaintiffs

**OF COUNSEL:**

BURR & FORMAN, LLP
420 20th Street N
Suite 3400
Birmingham, AL 35203
Tel: (205) 251-3000
Fax: (205) 458-5400
joseph.letzer@burr.com
india.vincent@burr.com
elizabeth.shirley@burr.com
ellen.mathews@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2013, I served the foregoing document on the following persons via CM/ECF and/or email:

Jeff Friedman
Michael J. Douglas
FRIEDMAN DAZZIO ZULANAS & BOLWING, P.C.
3800 Corporate Woods Drive
Post Office Box 43219
Birmingham, AL 35242
Tel: (205) 278-7000
Fax: (205) 278-7001

*s/ Joseph W. Letzer*
Joseph W. Letzer